# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1511V
Filed: February 27, 2024

|  |  |
|---|---|
| RICHARD PATRICK DIVODI,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Special Master Horner |

*Martin Zurada*, Venardi Zurada, LLP, Walnut Creek, CA, for petitioner.
*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for respondent.

## ORDER CONCLUDING PROCEEDINGS[1]

On June 24, 2021, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* ("Vaccine Act").[2] Petitioner alleged that he suffered Guillain Barré syndrome ("GBS") as a result of an October 11, 2018 influenza ("flu") vaccination. (ECF No. 1.)  On December 21, 2022, petitioner filed a Statement of Completion. (ECF No. 18.)

On March 6, 2023, respondent filed his Rule 4 Report, recommending against compensation. (ECF No. 20.)  Respondent argued that petitioner had not satisfied the six-month severity requirement as the medical records suggest that petitioner's GBS had resolved prior to the six-month mark and his later symptoms were related to his "numerous other confounding conditions." (*Id.* at 10-12.)  Regarding a Table injury claim, respondent argued that petitioner had not met the Table requirements as onset of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

his GBS occurred approximately sixty-five days after his flu vaccination.  (*Id.* at 13.)  Finally, respondent argued that petitioner had not shown that his GBS was caused-in-fact by the flu vaccine, rather than infections that were "closer in time to the onset of his alleged GBS symptoms," and that he failed to provide an expert or treating physician opinion linking his GBS with his flu vaccination.  (*Id.* at 13-15.)

On January 22, 2024, petitioner filed a status report, indicating that "[a]lthough Petitioner's counsel has tried to find an expert to bolster Petitioner's claims, they have been unsuccessful in finding an expert that will connect Petitioner's symptoms with his receiving a trivalent influenza vaccination."  (ECF No. 28.)  Following a status conference on January 23, 2024, I issued a Non-PDF Scheduling Order, directing petitioner to file a dispositive pleading, or status report providing an update on the status of the case, by no later than February 26, 2024.  Thereafter, petitioner filed a Joint Stipulation of Dismissal under Vaccine Rule 21(a).  (ECF No. 29.)

Accordingly, pursuant to Vaccine Rule 21(a), this case is hereby **dismissed without prejudice**.  The Clerk of the Court is hereby instructed that a **judgment shall not enter** in the instant case pursuant to Vaccine Rule 21(a).

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master